IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DESIREE L. DAVIS,                                )
                                                 )
                                                 )
                    Plaintiff,                   )          Civil No. 07-1282-MO
                                                 )
            v.                                   )          OPINION AND ORDER
                                                 )
MICHAEL J. ASTRUE,                               )
                                                 )
                                                 )
                    Defendant.                   )

**MOSMAN, J.,**

      Plaintiff Desiree L. Davis ("Davis") challenges the Commissioner's decision finding her not

disabled under Titles II and XVI of the Social Security Act and denying her applications for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). I have jurisdiction under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is reversed and remanded for further proceedings.

I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and that his findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

## PROCEDURAL BACKGROUND

The record before this court shows that Ms. Davis applied for DIB under Title II of the Social Security Act in 2001. AR 133-38.[1] This application was denied initially and upon reconsideration. AR 60-64, 70-73. Ms. Davis did not appeal the denial upon reconsideration, making the Commissioner's decision final.

Ms. Davis again applied for DIB and SSI on August 12, 2002. AR 136-40, 601-04. After the Commissioner denied these applications, an Administrative Law Judge ("ALJ") held a hearing on March 3, 2005 (AR 622-66), and subsequently found Ms. Davis not disabled on April 9, 2005. AR 45-59. On November 29, 2005, the Appeals Council remanded the matter back to the ALJ, instructing him to consider additional medical evidence, further consider Ms. Davis's residual functional capacity, and obtain supplemental testimony from a vocational expert. AR 118-20.

The ALJ held an additional hearing on February 9, 2006. AR 667-99. On June 14, 2006, the ALJ again found Ms. Davis not disabled. AR 19-37. The Appeals Council denied review, making the ALJ's June 14, 2006 decision final. AR 8-10. Ms. Davis seeks review of this decision regarding her 2002 applications.

---

[1] Citations AR refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer November 14, 2007 (Docket #12).

## THE ALJ'S FINDINGS

The ALJ made his decision based upon the five-step sequential process established by the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (9th Cir. 1987); *see also* 20 C.F.R. §§ 404.1520, 416.920 (establishing the five-step evaluative process for DIB and SSI claims).

The ALJ's June 14, 2006, decision found Ms. Davis's major depression, "anxiety with post-traumatic stress disorder," degenerative disc disease, and "pain syndrome involving her neck and back" "severe" at step two in the sequential proceedings.  AR 36.  The ALJ found that these impairments did not meet or equal a disorder "listed" in the Commissioner's regulations, and found that Ms. Davis retains the residual functional capacity ("RFC") to perform a "wide range of sedentary exertion with occasional postural, manipulative, environmental and vocational exertional limitations."  The ALJ subsequently found that Ms. Davis cannot perform her past relevant work, but can perform work existing in the national economy.  The ALJ therefore found Ms. Davis not disabled.  *Id.*

## ANALYSIS

Ms. Davis challenges the ALJ's decision not to re-open her previous applications.  Ms. Davis also challenges the ALJ's evaluation of her testimony and that of a lay witness, as well as his  RFC evaluation.

## I.    Ms. Davis's Previous Applications

The record shows that Ms. Davis filed an application for DIB on June 25, 2001.  AR 133-35.  As noted above, this claim was denied initially and upon reconsideration, and Ms. Davis made no further appeal, making this denial the final decision of the Commissioner.  The ALJ noted "previous applications" in his decision and found "no grounds upon which to reopen the prior applications."

AR 45.          Ms. Davis asserts that the ALJ erroneously failed to reopen her previous application because "new and material evidence" establishes "good cause" for reopening the Commissioner's previous denials under 20 C.F.R. § 404.988(b) and 404.989(a)(1). Pl.'s Opening Br. 13. Ms. Davis does not identify what evidence supports her submission or explain why "good cause" arises.

The Commissioner's decision not to reopen a prior decision is "discretionary and ordinarily does not constitute a final decision; therefore it is not subject to judicial review." *Udd v. Massanari*, 245 F.3d 1096 (9th Cir. 2001)(citing *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977). An exception to this standard arises when the Commissioner's denial of a petition to reopen an application is "challenged on constitutional grounds." *Id.* Because Ms. Davis asserts no such ground, this court affirms the ALJ's decision not to reopen her prior application.

## II.    Ms. Davis's Testimony

Ms. Davis submits that the ALJ erroneously rejected her testimony. Pl.'s Opening Br. 8-9. The ALJ found Ms. Davis's "allegations regarding her limitations not credible." AR 36. The ALJ based this finding upon Ms. Davis's inconsistent statements, work history, activities of daily living, and medical record.

### a.    Standards: Credibility

Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1036 (9th Cir. 2007) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50

F.3d 748, 750 (9th Cir. 1995). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Id.* Once a claimant shows an underlying impairment, the ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 1998).

### b. Credibility Analysis

Ms. Davis asserts that the ALJ based his credibility finding upon reviewing physician opinions, submitting that the ALJ failed to give appropriate weight to the statements of Ms. Davis's treating physicians regarding her pain and and functional limitations. Pl.'s Opening Br. 9.

The ALJ did not base his credibility determination upon medical source statements. The ALJ cited Ms. Davis's activities of daily living, including her part time work as a pizza cook, a visit to the Oregon coast, planned camping trips, and daily walks. AR 22, 30. Additionally, the ALJ specifically noted that Ms. Davis flew to New York to appear and speak on the Ricki Lake daytime television program. AR 26. The ALJ may cite a claimant's activities inconsistent with her alleged limitations. *Lingenfelter,* 504 at 1040. The ALJ presently cited such appropriate reasons.

The ALJ also noted instances in the record where Ms. Davis proffered testimony regarding her treatment and hospitalization that was inconsistent with the medical record. AR 22, 25. The ALJ may cite such inconsistent statements in assessing a claimant's credibility. *Lingenfelter,* 504

at 1040

Finally, the ALJ noted that Ms. Davis's medical record showed no functional limitations stemming from her reported neck pain, back pain, and fibromyalgia. AR 22. The ALJ may consider a claimant's medical record in concert with other credibility factors. *Lingenfelter,* 504 at 1040; *Smolen,* 80 F.3d at 1284. The ALJ's findings regarding the medical record are therefore affirmed.

The ALJ's credibility analysis is properly supported for the reasons above. The ALJ's credibility finding is affirmed.

### III.    Lay Witness Testimony

Ms. Davis asserts that the ALJ erroneously evaluated the testimony of her daughter, Kindra Davis. Pl.'s Opening Br. 10. The ALJ stated, "I also note that the claimant's daughter has not lived with her for almost four years." AR 31. The ALJ offered no further analysis or discussion of Kindra Davis's statement.

#### a.    Kindra Davis's Testimony

Kindra Davis's February 24, 2005, letter to the record states that she observed Ms. Davis's deep depression following her 1997 automobile accident. AR 285. Kindra Davis also states that Ms Davis returned to work at an unspecified time, but could not remain working due to workplace panic attacks. AR 286. Kindra Davis subsequently states that her mother experiences "daily struggles" and has a "difficult time" independently using the restroom, showering, completing household chores. *Id.* Finally, Kindra Davis states that her mother experiences anxiety in public places, and that Ms. Davis remains in bed on "high pain days." *Id.*

PAGE 6 - OPINION AND ORDER

**b.    Standards: Lay Witness Testimony**

The ALJ has a duty to consider lay witness testimony.  20 C.F.R. §§ 404.1513(d), 404.1545(a)(3), 416.913(d), 416.945(a)(3); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993).  The ALJ may not reject such testimony without comment, and he must give reasons germane to the witness for rejecting her testimony.  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).  However, inconsistency with the medical evidence may constitute a germane reason. *Lewis*, 236 F.3d at 512.

The reviewing court may affirm an erroneous ALJ's rejection of lay testimony if "the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion." *Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006).  Alternatively, the reviewing court may credit lay testimony if the record shows that crediting such testimony would establish workplace limitations resulting in disability.  *Schneider v. Comm'r*, 223 F.3d 968, 976 (9th Cir. 2000).

**c.    Analysis**

Ms. Davis correctly submits that the ALJ's finding that Ms. Davis has not lived with her daughter for four years is contradicted by the record.  Pl.'s Opening Br. 10 (citing AR 682). Therefore the ALJ failed to provide any discussion or germane reasons for rejecting her testimony. Such an omission is erroneous, *Nguyen*, 100 F.3d at 1467, and this court must determine the effect of his error.

///

PAGE 7 - OPINION AND ORDER

Ms. Davis alleges disability since August 16, 2001. AR 19. Therefore the portions of Kindra Davis's letter referring to Ms. Davis's depression following her 1997 automobile accident and subsequent work history are prior to the period presently under review. These statements do not establish that Kindra Davis observed any workplace limitations during Ms. Davis's alleged period of disability. The ALJ's omission of these statements is therefore inconsequential.

Kindra Davis's remaining statements, which were made in 2005, are relevant to the period during which Ms. Davis alleges disability. This court must determine the effect of the ALJ's omission. Specifically, the improperly omitted testimony addresses Ms. Davis's "daily struggles" and "difficult time" using the restroom, showering, and completing household chores, as well as her difficulty appearing in public, and need to remain in bed on "high pain days." AR 286. Ms. Davis does not explain to this court how these limitations, if credited, would preclude all work activity.

The vocational expert at both of Ms. Davis's hearings indicated that an individual remaining in bed, and thus missing work, two or more days per month would be unable to sustain competitive employment. AR 662, 692. However, Kindra Davis did not specify that her mother would remain in bed due to "high pain days" two days per month. AR 286. Ms. Davis's counsel failed to ask the vocational expert about the effect of the remaining limitations noted above. She therefore fails to convince this court that the omitted limitations definitively establish work-related limitations which prove disability.

Because vocational testimony does not address Kindra Davis's testimony, this court cannot make a disability determination based upon the record before it. In such circumstances further proceedings are required to obtain additional vocational expert testimony. *Harman v. Apfel*, 211

F.3d 1172, 1180 (9th Cir. 2000).

## IV.    Non-Exertional RFC Limitations

Ms. Davis asserts that the ALJ's finding that she can perform work in the national economy is deficient because the ALJ failed to include "moderate" restrictions in concentration, persistence, and pace in his hypothetical questions to the vocational expert. Pl.'s Opening Br. 11-12. Defendant asserts that such a restriction is consistent with the ALJ's finding that Ms. Davis could perform "simple, 1, 2, 3 step-type paced work." Def's Br. 9.

Disability Determination Services ("DDS")[2] reviewing psychologist Dr. LeBray completed a psychiatric review technique form ("PRTF") and assessed a "moderate" restriction in Ms. Davis's ability to maintain social functioning and concentration, persistence, and pace. AR 451. Dr. LeBray subsequently found that this resulted in "moderate" difficulties in Ms. Davis's ability to carry out detailed instructions and "maintain concentration and attention for extended periods." AR 457. Dr. LeBray similarly found "moderate" limitation in Ms. Davis's ability to maintain socially appropriate behavior, be aware of normal workplace hazards, and set realistic goals or make independent plans. AR 458. Dr. LeBray finally found that, as a result of these assessments, Ms. Davis "retains mental abilities needed" to "understand, remember, and complete simple paced (unrushed, unspeeded) tasks/routines." AR 459.

Dr. LeBray thus clarified the work-related restrictions associated with his "moderate" restrictions. The ALJ's "simple, 1, 2, 3 step-type paced work" without proximity to large groups of

---

[2]DDS is a federally-funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a) and 20 C.F.R. §§ 404.1503; 416.903.

coworkers or the general public is consistent with Dr. LeBray's opinion and is therefore affirmed.

## REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman*, 211 F.3d at 1178, *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings.

Under the "crediting as true" doctrine, evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman,* 211 F.3d at 1178 (quoting *Smolen,* 80 F.3d at 1292). The "crediting as true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)); *Nguyen v. Chater*, 100 F.3d 1462, 1466-67 (9th Cir. 1996); *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991).

Here, the ALJ erroneously ignored Kindra Davis's testimony. Kindra Davis indicated that Ms. Davis experiences "daily struggles" and has a "difficult time" performing the functions indicated above. This evidence is credited. *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). However, crediting this evidence does not establish disability because no vocational testimony directly addresses these limitations.

In such instances, award of benefits is inappropriate. *Harman*, 211 F.3d at 1180. The matter

must be remanded for further proceedings addressing the improperly discredited evidence. *Id.* The ALJ must then revise his RFC analysis, if necessary, and apply the correct medical-vocational guideline or obtain vocational expert testimony regarding Mr. Davis's workplace limitations. Finally, the ALJ must make adequate step four and five findings incorporating the indicated testimony.

## <u>CONCLUSION</u>

The Commissioner's decision that Ms. Davis did not suffer from disability and is not entitled to benefits under Titles II and XVI of the Social Security Act is not based upon correct legal standards and supported by substantial evidence.  The Commissioner's decision is  therefore REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order. IT IS SO ORDERED.

Dated this _ 21st _ day of November, 2008.

/s/ Michael W. Mosman_____
Michael W. Mosman
United States District Judge

PAGE 11 - OPINION AND ORDER